# In the United States Court of Federal Claims

No. 21-1292
(Filed: May 26, 2021)

**NOT FOR PUBLICATION**

```
*****************************************
AIMEE MORRISON,                         *
                                        *
               Plaintiff,               *
                                        *      Pro Se; Sua Sponte Dismissal; Lack
      v.                                *      of Subject-Matter Jurisdiction; RCFC
                                        *      12(h)(3).
THE UNITED STATES,                      *
                                        *
               Defendant.               *
*****************************************
```

## ORDER AND OPINION

**DIETZ, Judge.**

"A court may and should raise the question of its jurisdiction *sua sponte* at any time it appears in doubt." *Arctic Corner, Inc. v. United States*, 845 F.2d 999, 1000 (Fed. Cir. 1988). Such is the case here, as *pro se* plaintiff Aimee Morrison has not asserted any claim in her complaint that falls within the jurisdiction of the United States Court of Federal Claims. Accordingly, the complaint is **DISMISSED** for lack of subject-matter jurisdiction, pursuant to Rule 12(h)(3) of the Rules of the United States Court of Federal Claims ("RCFC"). Plaintiff's application to proceed *in forma pauperis*, filed concurrently with the complaint, is **GRANTED**.

**I.   BACKGROUND**

In her *pro se* complaint,[1] Ms. Morrison recounts rambling allegations of a criminal conspiracy centered around the nonconsensual implantation of an "eavesdropping device" in Ms. Morrison's throat. Compl. at 1-2, ECF. No. 1. Equipped with GPS, the device has led to "[h]arassment, intimidation, exploitation, stalking, crimes, [and] nationwide criminal [a]ctivity" according to Ms. Morrison. *Id.* at 2. The fantastical plot allegedly involves a host of other criminal activities, including but not limited to kidnapping, *id.* at 3; illegal human research, *id.* at 5; human trafficking, *id.* at 7; and attempted murder, *id.* at 8.

Ms. Morrison primarily focuses her allegations on one individual—a research scientist possibly employed by the National Aeronautics and Space Administration ("NASA")—as the perpetrator of the conspiracy, but she also identifies involvement by several other individuals,

---

[1] Shortly after filing her complaint, Ms. Morrison also filed multiple "Notice[s] of Motion," ECF Nos. 8-12, containing additional allegations in support of her complaint. The Court has considered all allegations and references them as part of the complaint for purposes of this opinion.

SUNY Oswego, and the States of Florida and New York. *See generally* Compl.; ECF Nos. 8-12. Though Ms. Morrison claims $15 million on the complaint's cover sheet, *see* ECF No. 1-1, the grounds for relief are as unclear as the rest of the complaint. At various times, Ms. Morrison asserts that the device is "a civil tort" and a violation of the Fourth Amendment but does not link any allegations to a monetary claim for relief. Compl. at 2, 9. Rather, it appears that the actual relief sought from the Court is some form of criminal charges or injunctive relief against the research scientist to prevent her from continuing the plot against Ms. Morrison. *See* Compl. at 10 ("She refuses to stop using the device[;] this warrants [f]ederal [i]ntervention.").

## II. DISCUSSION

"Subject-matter jurisdiction may be challenged at any time . . . by the court *sua sponte*." *Folden v. United States*, 379 F.3d 1344, 1354 (Fed. Cir. 2004). Although a *pro se* plaintiff's pleadings are "held to a less stringent standard than those prepared by counsel," *Hughes v. Rowe*, 449 U.S. 5, 9 (1980), they must still meet the Court's jurisdictional requirements. *See Kelley v. Sec'y, U.S. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." RCFC 12(h)(3).

The Tucker Act limits this Court's jurisdiction to "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1) (2018). The Tucker Act "does not create a substantive cause of action" but rather requires a plaintiff to "identify a substantive source of law that creates the right to recover money damages against the United States." *Rick's Mushroom Serv. v. United States*, 521 F.3d. 1338, 1343 (Fed. Cir. 2008). Further, "if the relief sought is against others than the United States," then the suit must be dismissed for lack of jurisdiction. *United States v. Sherwood*, 312 U.S. 584, 588 (1941).

Upon a *sua sponte* review, the Court has determined that it lacks jurisdiction over Ms. Morrison's complaint. Notably absent from the litany of criminal and civil wrongs alleged by Ms. Morrison are any allegations against the United States, thus precluding this Court's exercise of jurisdiction. Even assuming that the individuals named in the complaint are employees of the federal government, Ms. Morrison makes no allegations that they are acting on behalf of the United States. This Court lacks jurisdiction over claims against government officials in their individual capacities. *See Brown v. United States*, 105 F.3d 621, 624 (Fed. Cir. 1997).

Further, the Court lacks jurisdiction over the types of claims brought by Ms. Morrison, even if they were brought against the United States. The discernable claims focus exclusively on criminal conduct, torts, and violations of the Fourth Amendment, all of which are outside of this Court's jurisdiction. *See Campbell v. United States*, 229 Ct. Cl. 706, 707 (1981) (stating that this Court lacks jurisdiction over criminal claims); *Rick's Mushroom Serv.*, 521 F.3d at 1343 (stating that this Court lacks jurisdiction over tort claims); *LeChance v. United States*, 15 Cl. Ct. 127, 130 (1988) (finding that the Fourth Amendment is not a money-mandating source of law).

Because Ms. Morrison asserts no claims against the United States and cites no money-mandating provision of law, her complaint must be dismissed for lack of jurisdiction.

**III.     CONCLUSION**

For the reasons set forth above, this case is **DISMISSED WITHOUT PREJUDICE** under RCFC 12(h)(3) for lack of jurisdiction. Plaintiff's application to proceed *in forma pauperis* is **GRANTED** for the limited purpose of determining this Court's jurisdiction. The Clerk is directed to enter judgment accordingly.

**IT IS SO ORDERED.**

s/ Thompson M. Dietz
THOMPSON M. DIETZ, Judge
